WATKINS, Judge.
This is a concursus proceeding initiated by the Town of Ponchatoula under LSA-R.S. 38:2243. Judgment was rendered in favor of the City of Ponchatoula (sic) and against National Indemnity Company, Virgil Seale, Harvey Construction, Inc., and Russell K. Harvey in the sum of $14,196.00, in favor of National Indemnity against the other parties named above which were cast in judgment, and in favor of Challenge Cabinets in the sum of $2,520.00 and Ero, Inc., in the sum of $1,197.80 against the Town of Ponchatoula, National Indemnity Company, Virgil Seale, Harvey Construction, Inc., and Russell K. Harvey. National Indemnity appealed, and the Town of Pon-chatoula''appealed that part of the judg *402 ment rendered against it and in favor of Ero, Inc. and Challenge Cabinets.
As the Town of Ponchatoula neither appeared nor filed a brief prior to the time the case was submitted without oral argument, we consider its appeal abandoned and dismiss its appeal under Rule 7, Sec. 5(b) of our Rules. We reverse the judgment of the trial court to the extent judgment was rendered against National Indemnity for the reasons set forth below.
The trial court did not assign reasons for judgment. However, the judgment insofar as it is rendered against National Indemnity is clearly in error. The mayor of Ponchatoula, Collins Bonicard, conceded in testimony at trial on the merits that National Indemnity’s purported construction bond in the present case was issued with the forged signature of a purported attorney in fact of National Indemnity, Norman Gerwitz, under a forged power of attorney. We have reviewed the bond and various genuine and forged powers of attorney filed as exhibits in this case, and have concluded, as was testified by Irene Mahoney, assistant secretary of National Indemnity, that Gerwitz’s genuine power of attorney from National Indemnity had indeed expired before the construction bond was issued, that the new power of attorney was a forgery, and that the construction bond in question contained a forgery of Gerwitz’s signature. We find nothing to suggest Gerwitz was in any way at fault.
It appears that National Indemnity took reasonable steps to afford notice of the forgery of the power of attorney and possible future forgeries of bonding contracts by publishing pertinent information in The Wall Street Journal, and various local newspapers.
It is obvious that the trial court committed error in casting National Indemnity in judgment.
Accordingly, the judgment of the trial court in casting National Indemnity in judgment, and in rendering judgment in favor of National Indemnity Company against the other parties cast in judgment is reversed, and in other respects the judgment is permitted to stand, all costs to be paid by the remaining parties cast in judgment.
REVERSED IN PART, AFFIRMED IN PART.